UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                    )
AMERICAN SALES COMPANY, LLC, on     )
behalf of itself and all others     )
similarly situated,                 )
                                    )
          Plaintiff,                )
                                    )
     v.                             )   C.A. No. 13-347 S
                                    )
WARNER CHILCOTT PUBLIC LIMITED      )
COMPANY; WARNER CHILCOTT COMPANY,   )
LLC; WARNER CHILCOTT HOLDINGS       )
COMPANY III, LTD; WARNER CHILCOTT   )
CORPORATION; WARNER CHILCOTT (US),  )
LLC; WARNER CHILCOTT SALES (US),    )
LLC; WARNER CHILCOTT LABORATORIES   )
IRELAND LIMITED; WARNER CHILCOTT    )
COMPANY INC.; WATSON                )
PHARMACEUTICALS, INC.; WATSON       )
LABORATORIES, INC.; ACTAVIS, INC.;  )
LUPIN LTD; and LUPIN                )
PHARMACEUTICALS INC.,               )
                                    )
          Defendants.               )
_____)
```

## **OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

I.  Background

This antitrust suit, filed May 14, 2013, arises from Defendants' alleged scheme to delay the introduction of generic versions of Loestrin® 24 Fe, a drug for the prevention of pregnancy in women, into the market. There are several other complaints pending in federal district courts containing substantially similar allegations. Accordingly, Defendants

filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML") to consolidate the actions for pre-trial proceedings in the District of New Jersey pursuant to 28 U.S.C. § 1407.  In its response, Plaintiff agreed that the cases should be consolidated, but suggested the District of Rhode Island and the Eastern District of Pennsylvania as more desirable forums. The JPML's next session will be held on September 26, 2013, but the schedule for that session has yet to be set.  For this reason, it is unclear when Defendants' motion will be heard.  In the meantime, no responsive pleadings or dispositive motions have been filed and no discovery has been conducted in any of the pending cases.

On July 2, 2013, Defendants Warner Chilcott Sales (US), LLC; Lupin Pharmaceuticals Inc.; and Lupin LTD moved this Court to stay further proceedings pending a determination by the JPML on the motion to consolidate.  (ECF No. 6.)  Alternatively, Defendants requested that the Court extend the time to respond to the complaint to forty-five days from the Court's order denying a stay.  The Court granted Defendants an extension until its ruling on the motion.  Defendants Actavis, Inc.; Watson Pharmaceuticals, Inc.; and Watson Laboratories, Inc. joined in

the motion (ECF No. 10),[1] and Plaintiff filed an opposition (ECF No. 12).

II. Discussion

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936).  However, "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." Id. at 255.  In the specific context of the JPML:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court.

J.P.M.L. R. 2.1(d).  In deciding whether to issue a stay pending the JPML's ruling on a motion to transfer, courts consider the following factors:  "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and, (3) judicial economy." Good v. Altria Grp., Inc., 624 F. Supp. 2d 132, 134 (D. Me. 2009).  Indeed, the very purpose of a § 1407 transfer is "to eliminate duplicative

---

[1] Not all of the named Defendants have yet been served in this case.

discovery, prevent inconsistent pretrial rulings . . . , and conserve the resources of the parties, their counsel and the judiciary." Id. at 135 (internal citation and quotation marks omitted).

In the present case, granting the requested stay would cause some prejudice to Plaintiff in the form of delay. The pending transfer motion will be heard, at the earliest, on September 26, 2013, months after the filing of the complaint and the service of at least some Defendants.

Moreover, Defendants' request for a stay is not, at the present time, justified by any possibility of prejudice. Several district courts have denied similar motions where, as here, the defendants had not yet filed any responsive pleading or begun discovery. See Guerrero v. Target Corp., No. 12-21115-CIV, 2012 WL 2054863, at *1 (S.D. Fla. June 7, 2012) ("Defendant must respond to the complaint regardless of whether the case is ultimately transferred to an MDL."); Sunrise Rentals Enters. v. BP, PLC, Civil Action No. 10-0261-WS-M, 2010 WL 2266772, at *2 (S.D. Ala. June 4, 2010) ("[T]here is no reason in the world why defendants cannot file responsive pleadings prior to the MDL's determination on the pending transfer and consolidation issues."); Billy's Seafood, Inc. v. Transocean Holdings, Inc., Civil Action No. 10-0215-WS-B, 2010 WL 2104610, at *2 (S.D. Ala. May 25, 2010) ("Regardless of whether and where the MDL Panel

ultimately transfers this action for consolidated and coordinated pretrial proceedings, defendants will need to file answers or responsive pleadings."); Jozwiak v. Stryker Corp., No. 6:09-cv-1985-Orl-19GJK, 2010 WL 147143, at *3 (M.D. Fla. Jan. 11, 2010) ("Even if this case is consolidated within 60 to 90 days, the Moving Defendants would suffer little prejudice if the action is not stayed because this case has just begun to develop.").

Because the Court will have little involvement in this case until Defendants respond to the complaint, the third factor, judicial economy, also weighs in favor of denying a stay at this point in the proceedings.

Many cases cited by Defendants are distinguishable in that they involved stays granted after the filing of substantive motions. See, e.g., Good, 624 F. Supp. 2d at 135 (motion to certify questions of state law); Thomas v. Ameriquest Mortg. Co., CIV.A. 07-0652WSC, 2007 WL 3287842, at *1 (S.D. Ala. Nov. 5, 2007) (motions to dismiss); D'Amico v. Guidant Sales Corp., C.A. No. 07-301 S, 2007 WL 3003181, at *2 (D.R.I. Oct. 11, 2007) (motion to remand). Others involved stays after the filing of an answer. See, e.g., Ramos-Martir v. Astra Merck, Inc., No. CIV. 05-2038(PG), 2005 WL 3088372, at *1 (D.P.R. Nov. 17, 2005). In these circumstances, a stay may serve to prevent

inconsistency and conserve resources. Defendants' motion in the present case, however, is premature.

III. Conclusion

For the foregoing reasons, Defendants' motion to stay is DENIED, without prejudice to renew after the filing of responsive pleadings. Each Defendant must file a responsive pleading within twenty-one days of this order or the time contemplated by Rule 12 of the Federal Rules of Civil Procedure, whichever comes later. See Fed. R. Civ. P. 12(a)(1).

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: August 6, 2013